IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN PACULT, MELISSA BARGFREDE, JR TOLEDO,
NEIL THOMPSON and DANIEL BIEURANCE, individually
and as *qui tam* relators for UNITED STATES OF AMERICA,
STATE OF CALIFORNIA, STATE OF DELAWARE,
DISTRICT OF COLUMBIA, STATE OF FLORIDA,          ORDER
STATE OF GEORGIA, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF LOUISIANA,          08-cv-542-slc
COMMONWEALTH OF MASSACHUSETTS,
STATE OF MICHIGAN, STATE OF MONTANA,
STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY,
STATE OF NEW MEXICO, STATE OF NEW YORK,
STATE OF NEVADA, STATE OF OKLAHOMA,
STATE OF RHODE ISLAND, STATE OF TENNESSEE,
STATE OF TEXAS, COMMONWEALTH OF VIRGINIA and
STATE OF WISCONSIN,

        Plaintiffs,
  v.

WALGREEN CO.,

        Defendant.

---

Plaintiffs brought this *qui tam* lawsuit under the False Claims Act (FCA) and analogous state false claims statutes, alleging "overbilling" and "double billing" practices by defendant Walgreen Co. In an order entered on June 13, 2011, I dismissed plaintiffs' federal claims of overbilling for lack of subject matter jurisdiction under the FCA's "first-to-file," allowed plaintiffs to pursue their double billing claims and asked for further input on whether plaintiffs' state overbilling claims are barred under the state equivalents to the federal jurisdictional bars. Walgreen responded with detailed information on the relevant state jurisdictional statutes. Dkt. 88. In lieu of a response, on July 11, 2011, the relator plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice "of their causes of action not otherwise maintained by Intervenors, the States of California and Indiana in this action." Dkt. 89. Intervenor plaintiffs California and Indiana have not responded.

From their terse motion, I surmise that the relator plaintiffs are dismissing *all* of their remaining federal *and* state claims. Next, given the intervenor plaintiffs' silence, I surmise that they agree that this court lacks subject matter jurisdiction over the state overbilling claims and that they do not intend (or are unable) to pursue any cause of action related to double billing. Finally, Walgreen might wish to be heard on whether the relator plaintiffs should be allowed to dismiss voluntarily *without* prejudice.

Given what's at stake here, fairness requires that the court clarify the parties' intent before acting. Therefore, not later than July 22, 2011, the relator plaintiffs and intervenor plaintiffs should file a letter or brief accepting or correcting the court's assumptions and surmises about their intent, and Walgreen must file any objection to dismissal without prejudice. The court will deem a party's silence as acquiescence in the surmises stated in this order. What happens next depends on what, if anything, the parties submit.

Entered this 14th day of July, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge