IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN PACULT, *et al.*

                 Plaintiffs

v.

WALGREEN CO.,

                 Defendant.

ORDER

08-cv-542-slc

---

In this procedurally circuitous lawsuit, the realtor and intervenor plaintiffs brought a *qui tam* lawsuit under the False Claims Act (FCA) and analogous state false claims statutes, alleging "overbilling" and "double billing" practices by defendant Walgreen Co.  On September 8, 2011, I dismissed without prejudice all of the federal claims filed by the relator plaintiffs and plaintiff United States and declined to exercise supplemental jurisdiction over the state overbilling claims filed by intervenor plaintiffs California and Indiana, dismissing them without prejudice.  Dkt. 100.  The Clerk of Court entered judgment to this effect on September 22, 2011.  Dkt. 102.

Walgreen has filed a Rule 59(e) motion to alter or amend judgment, asserting that the relators' claims brought under Indiana law should be dismissed *with* prejudice under the two-dismissal rule of F. R. Civ. Pro. 41(a)(1)(B), asserting that the relators already voluntarily dismissed an Indiana state court action including the same claim in 2006.  Dkt. 103.  It appears that the two dismissal rule may not apply in this case, but before the court rules, the relators must clarify the mechanics of the dismissal in Indiana state court.

After this court entered final judgment in the instant case, Walgreen discovered that in 2005, the relators had filed overbilling claims against Walgreen in Indiana, which the relators voluntarily dismissed in 2006.  The relators acknowledge this, explaining that when plaintiffs Thompson and Bieurance filed their initial Medicaid fraud case against Walgreen in Minnesota in 2005, they filed a companion case with the same allegations in the Marion County Superior

Court in Indianapolis, Indiana. An attorney for the relators avers that at the request of the Indiana Deputy Attorney General, the relators and the State of Indiana jointly moved the state court to dismiss the state case without prejudice in the interest of judicial economy because the Minnesota action would resolve all of the same issues. Dkt. 106. The joint motion to dismiss was not filed until December 2006, well after the answer deadline would have passed. Instead of merely notifying the court of an intended dismissal, the motion identified various reasons why the court should dismiss the suit without prejudice. In December 2006, the state court entered an order of dismissal without prejudice. *Id.*, exh. 1.

From these facts and a review of the documents submitted to this court, it appears that the Indiana case was dismissed at plaintiffs' request by court order (rather than by notice or stipulation) but there is not enough information in the record for this court to be sure. Further, this court does not know whether either an answer or a summary judgment motion had been filed in the Indiana case, and the record in the Indiana case is sealed. There is no reason to believe that the Indiana court was not required to have entered an order dismissing the case, but rather than speculate, I am directing the relators to submit to the court, under seal if necessary, copies of the documents relevant to this court's inquiry, including the docket sheet for the case (if available), any answer or other response, any summary judgment motion (*just* the motion) and any court order of dismissal. Relators' submission deadline is December 16, 2011.

Entered this 1st day of December, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge