IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN PACULT, MELISSA BARGFREDE, JR TOLEDO,
NEIL THOMPSON and DANIEL BIEURANCE, individually
and as *qui tam* relators for UNITED STATES OF AMERICA,
STATE OF CALIFORNIA, STATE OF DELAWARE,
DISTRICT OF COLUMBIA, STATE OF FLORIDA,                    OPINION AND ORDER
STATE OF GEORGIA, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF LOUISIANA,                            08-cv-542-slc
COMMONWEALTH OF MASSACHUSETTS,
STATE OF MICHIGAN, STATE OF MONTANA,
STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY,
STATE OF NEW MEXICO, STATE OF NEW YORK,
STATE OF NEVADA, STATE OF OKLAHOMA,
STATE OF RHODE ISLAND, STATE OF TENNESSEE,
STATE OF TEXAS, COMMONWEALTH OF VIRGINIA and
STATE OF WISCONSIN,

Plaintiffs,
    v.

WALGREEN CO.,

Defendant.

---

On September 22, 2011, judgment was entered in favor of defendant Walgreen Co. in this *qui tam* lawsuit filed by the relator and intervenor plaintiffs under the False Claims Act (FCA) and analogous state false claims statutes. Dkt. 102. Before the court is Walgreen's Rule 59(e) motion to alter or amend that judgment to the extent that it dismissed the relator plaintiffs' Indiana state law claims of overbilling without prejudice. Dkt. 103.

Walgreen asserts that after the entry of final judgment in this case, it discovered that in 2006, the relators voluntarily dismissed an Indiana state court action including the same overbilling claim. Given the earlier dismissal, Walgreen contends that the relators' Indiana claim in the instant case should have been dismissed *with* prejudice under the two-dismissal rule of F. R. Civ. Pro. 41(a)(1)(B).

After reviewing all of the parties' submissions, I conclude that the two-dismissal rule applies only to dismissals without a court order. Because I find that the relators' state law claims in this case were dismissed by notice and not court order, the two-dismissal would apply if the earlier Indiana action was dismissed by notice. Although the Indiana court entered an order of dismissal at plaintiffs request, the dismissal occurred before Walgreen served an answer or summary judgment motion. Under Seventh Circuit law, the court would construe a similar dismissal in federal court as one by notice and not court order. However, the remaining question, which the parties have not had an opportunity to address, is whether this court may construe the Indiana state court's dismissal in the same fashion. Accordingly, I will allow both parties 10 days to provide additional argument on the limited question of whether the dismissal of the Indiana state court action should be construed as a dismissal by notice.

DISCUSSION

**I. Two-Dismissal Rule**

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff may dismiss an action without a court order by filing either:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

> (ii) a stipulation of dismissal signed by all parties who have appeared.

Unless the notice or stipulation states otherwise, the dismissal is without prejudice. Rule 41(a)(1)(B). However, Rule 41(a)(1)(B) goes on to state that "if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of

2

dismissal operates as an adjudication on the merits." This section is known as the "two dismissal rule" because it permits a plaintiff to dismiss a claim only once voluntarily. *Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637 (7th Cir. 1987).

With respect to a *second* dismissal, the Court of Appeals for the Seventh Circuit has held that "'[b]y its own clear terms the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2).'" *Sutton*, 826 F.2d at 640 (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368, at 188 (1971)). However, as Walgreen points out, the rule does not state the specific means by which the *first* dismissal must be obtained in that it refers only to an action "previously dismissed" by plaintiff. *See ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999). *Cf.* 8 *Moore's Federal Practice,* § 41.33[7][g] (Matthew Bender 3d Ed.) (plain language of rule indicates that any type of dismissal—by notice, stipulation or court order—may qualify as first dismissal).

The relators contend that both dismissals occurred *with* a court order in their cases, meaning that the two-dismissal rule does not apply because at a minimum, the rule requires that the second dismissal be by notice. Walgreen disagrees, pointing out that the relators filed a "Notice of Voluntary Dismissal Without Prejudice" on July 11, 2011 to dismiss all of their causes of action without prejudice. According to Walgreen, the two-dismissal rule applies because (1) the second dismissal was by notice and (2) regardless how the Indiana state action was dismissed in 2006, the rule's reference to a "previously dismissed" action is broad enough to encompass any type of voluntary dismissal.

3

The Court of Appeals for the Seventh Circuit does not appear to have addressed the meaning of "previously dismissed." However, in *ASX Inv.*, the Eleventh Circuit determined that the plaintiff's first dismissal, which was the result of a motion and a court order pursuant to Rule 41(a)(2), did not implicate two dismissal rule. 183 F.3d at 1268. The court reasoned that:

> Rule 41(a)(1), in which the two dismissal rule appears, provides for dismissal by a plaintiff without order of court by the filing of a timely notice of dismissal or a stipulation of dismissal signed by all parties. Dismissal on plaintiff's motion and by order of court, on the other hand, is provided for in Rule 41(a)(2). Rule 41(a)(1) and Rule 41(a)(2) each ends with a sentence explaining the effect of dismissal obtained under their respective provisions. For Rule 41(a)(1), that last sentence includes the two dismissal rule. There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court. Although dismissal under Rule 41(a)(2) is, as the rule says, "at the plaintiff's instance," the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule.
>
> *   *   *
>
> Although not pivotal to our analysis, our conclusion is further supported by consideration of the purpose of the Rule 41(a)(1) two dismissal rule [to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading]. . . . A dismissal obtained by motion and order of the court under Rule 41(a)(2) or similar state rule is not unilateral and does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice. In ruling on such motions, a court has discretion to determine whether the dismissal will be with or without prejudice and with or without conditions based on its view of the case and the plaintiff's actions.

*Id.* at 1267-68.

The majority of the small number of federal district courts and state courts addressing this issue have found the reasoning of *ASX* persuasive. *See, e.g., Hancock v. Pomazal*, 2009 WL 4017283, *3 (E.D. Cal. Nov 18, 2009) (citing *ASX* with approval in dicta); *Olynyk v. Scoles*, 114

4

Ohio St. 3d 56, 62, 868 N.E.2d 254 (Ohio 2007); *Estate of Migliaccio v. Midland Nat'l. Life Ins. Co.*, 436 F. Supp. 2d 1095, 1101-02 (C.D. Cal. 2006). *See also Poloron Products, Inc. v. Lybrand Ross Bros. and Montgomery*, 534 F.2d 1012, 1018 (2ᵈ Cir. 1976) (filing of notice of dismissal preceded by dismissal by stipulation does not activate two dismissal bar). I agree. Although the language of the rule would appear to encompass any type of voluntary dismissal by the plaintiff with respect to the first action, the two dismissal rule appears only in the section discussing dismissals without a court order. Further, reading the rule broadly would increase the number of actions subject to summary dismissal versus adjudication on the merits, a result that the Seventh Circuit has cautioned against.

In *Sutton*, the court noted that "[t]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion." *Sutton*, 826 F.2d at 640 (quoting *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966)). The court warned that because the two dismissal rule is an exception to this general principle, "[w]e should be especially careful not to extend the scope of such a narrow exception when the purpose for the exception would not be served." *Id.* The purpose of the two dismissal rule is to prevent unreasonable abuse and harassment by a plaintiff obtaining numerous dismissals without prejudice. *Id.*

Accordingly, I conclude that the two-dismissal rule applies only to dismissals *without* a court order. That leaves the question whether the dismissals relevant to this case were by notice or by court order.

## II.  Dismissal in the Current Case

Although it is unnecessary to rehash every turn that the instant case has taken, a quick review of the procedural history is in order:  in March 2011, Walgreen moved to dismiss the relators' FCA claims and asked the court to decline to exercise supplemental jurisdiction over the state law claims.  Dkts. 73-74.  On June 14, 2011, I dismissed plaintiffs' federal overbilling claims without prejudice pursuant to the first-to-file bar and asked the parties for further input on whether the state overbilling claims were subject to a similar bar.  Dkt. 82.  In response, the relator plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice "of their causes of action *not otherwise maintained* by Intervenors, the States of California and Indiana in this action."  Dkt. 89 (emphasis added).  Because it was unclear how the notice affected plaintiff United States and the intervenor plaintiffs, I gave all the parties an opportunity to clarify their positions.  Dkt. 90.  However, in that order I stated that I surmised that the relator plaintiffs were dismissing *all* of their remaining federal and state claims.

Although California, Indiana and the United States filed supplemental briefing, the relator plaintiffs did not file a substance response, indicating that they agreed with my assumptions that their notice applied to all of their remaining claims, including their Indiana state law claims.  Walgreen replied by filing a motion for supplemental relief, asking in relevant part that the court decline to exercise supplemental jurisdiction over the state law claims in which Indiana and California had intervened.  Dkt. 93.  The relator plaintiffs filed a brief in opposition to that motion, arguing that the court should retain supplemental jurisdiction over the state claims in which California and Indiana had intervened.  Dkt. 97.  In that brief, the relators stated that "[r]elators join California and Indiana in regards to their arguments as to

why this Court should retain supplemental jurisdiction." *Id.* at 3.  The relators stated in conclusion that "Relators' dismissal of claims should be without prejudice and the Court should retain supplemental jurisdiction over the claims of California and Indiana." *Id.* at 4.  In the September 2011 order, this court declined to exercise supplemental jurisdiction over the claims of California and Indiana and dismissed them without prejudice.

In sum, although their notice of dismissal was worded awkwardly, the relators voluntarily dismissed all of their own federal and state claims in this case by notice and excepted out only those claims filed by the intervenor plaintiffs Indiana and California.  Similarly, the court order issued in September 2011 only addressed state law claims brought by California and Indiana. It did not address the relators' claims brought under Indiana law.  Therefore, I find that the relators' state law claims in this case were dismissed by notice and not court order.

## III.  Dismissal of the Indiana Case

The relators explain that when relator plaintiffs Thompson and Bieurance filed their initial Medicaid fraud case against Walgreen in Minnesota in 2005, they filed a companion case with the same allegations in the Marion County Superior Court in Indianapolis, Indiana.  An attorney for the relators avers that at the request of the Indiana Deputy Attorney General, the relators and the State of Indiana jointly moved the state court to dismiss the state case without prejudice, in the interest of judicial economy, because the Minnesota action would resolve all of the same issues.  Dkt. 106.  In December 2006, the state court entered an order of dismissal without prejudice.  *See* dkt. 106, exh. 1.

Although a court order was entered in the earlier case, it was not clear whether Walgreen ever appeared to answer the complaint or file a dispositive motion.  Therefore, I stayed ruling on Walgreen's Rule 59 motion until the relators could provide further information.  *See* dkts. 108 and 111.  According to court documents and affidavits subsequently filed by the relators, Walgreen was never served with or had an opportunity to answer the state complaint.  *See* dkts. 109-10 and 112-13.

Anticipating this fact, Walgreen had argued in its reply brief that this court should construe the Indiana dismissal as a notice of voluntary dismissal.  In support, it cites an unpublished opinion from the Southern District of Illinois, in which the district court applied the two dismissal rule in a case where the first dismissal was dismissed without prejudice upon motion of the court.  *See Santander Consumer USA Inc. v. Pearson*, 2011 WL 588213, *1 (S.D. Ill. Feb. 10, 2011).  In that case, the court in the first lawsuit expressly construed the motion as a notice of voluntary dismissal because no answer or motion for summary judgment had been filed.  *Id.*; *see also Gioia v. Blue Cross Hosp. Serv., Inc.*, 641 F.2d 540 (8th Cir. 1981) (although dismissal granted by court order, totality of circumstances established that dismissal was pursuant to Rule 41(a)(1) rather than 41(a)(2)).  Similarly, the Court of Appeals for the Seventh Circuit has held that a plaintiff has an absolute right to dismiss a suit voluntarily until the defendant serves an answer or motion for summary judgment.  *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002).  Therefore, at least in the Seventh Circuit, even if the plaintiff seeks permission from the court to dismiss the suit, the court does not have the power to deny dismissal before the defendant has filed an answer or summary judgment motion.

Because Indiana's rules of civil procedure mirror the federal rules, I surmise that an Indiana state court would not have the power to deny dismissal before a defendant has served an answer or motion for summary judgment.  *See* Ind. St. Trial Proc. R. 41(A)(1).  However, because this issue arose after the parties had briefed the Rule 59 motion, I will allow both sides a short opportunity to provide additional argument on the limited question of whether the dismissal of the Indiana state court action should be construed as a dismissal by notice.

## ORDER

IT IS ORDERED that the parties have until January 30, 2012 to submit additional argument solely on the question whether the dismissal of the Indiana state court action should be construed as a dismissal by notice.

Entered this 19th day of January, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

9